## THE ENTERPRISE.

(District Court, W. D. Pennsylvania. September 23, 1910.)

### No. 8.

1. TOWAGE (§ 7*)—COMPENSATION—CONTRACT.

> Where the .owner of a steamer, on being asked his charge for towing a dredge and two barges between two points on the Ohio river, answered that he was paid $150 by another company for a similar service, and was thereupon engaged, there was an implied contract for that sum, and he cannot afterward charge by the day for the service, because of delay on account of low water.
>
> [Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 6, 7, 10; Dec. Dig. § 7.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MARITIME LIENS (§ 19*)—PENNSYLVANIA STATUTE—DREDGEBOAT.

Act Pa. April 20, 1858 (P. L. 363), which gives a lien for repairs or supplies furnished on "all ships, steamboats or vessels navigating the rivers Allegheny, Monongahela or Ohio in this state," does not apply to a dredgeboat without motive power; and in the absence of statute there is no lien on such a boat for towage, or for services rendered in raising her after sinking, under contract with the owners at the place where she was owned.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 24, 25, 27; Dec. Dig. § 19.*

Created by state laws, see note to The Electron, 21 C. C. A. 21.]

In Admiralty. Suit by S. W. Carpenter against the dredgeboat Enterprise; the Enterprise Contracting Company, claimant. Decree for respondent.

Albert Y. Smith, for libelant.

L. C. Barton, for respondent.

ORR, District Judge. This in a libel in rem to recover for towing and for services and expenses in respect to diving, for the benefit of the respondent. The home port of the dredgeboat, if any she has, is where the services were rendered.

The facts with respect to the employment of the libelant, and with respect to the occasion for diving, appear in an opinion this day filed dismissing a libel by the Enterprise Contracting Company, the owners of the dredgeboat, against the steamer Leader, owned by said Carpenter. 181 Fed. 743.

The claim of Carpenter for towing was in the sum of $504, for 12⅔ days. The time expected to be used in towing, at the time of undertaking the same, according to the testimony, was from 2 to 3 days. The additional days were due to standing by the dredgeboat after she had sunk as. the result of an accident, until she was put in shape for navigation, and also because of insufficient water to proceed with the tow.

The evidence is clear that the libelant is not entitled to receive over $150 from the respondent for said services. The secretary of the Enterprise Construction Company told Capt. Carpenter that his company wanted the dredgeboat and two scows to be taken from Sewickley to lock No. 11 in the Ohio river, and asked him what he wanted for the service. Capt. Carpenter replied that the Monongahela & Western Company paid him $150 for a similar service. The secretary then asked him if that was what he wanted, and Capt. Carpenter replied, "That is what we get." On notice from another officer of the Enterprise Construction Company, Capt. Carpenter took the dredgeboat and the two scows in tow, without saying anything else as to the price he would demand for the service. The respondent properly had a right to rely upon the figures given him by the libelant, and to suppose that no more would be asked of it than was asked of others for a like service. The additional bill for diving, etc., to the amount of $111.82, is not disputed by the answer, except as to the right of the libelant to a lien therefor.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Respondent also raises the question as to the right of a lien for the several services. The right to lien is dependent upon the Acts of Assembly of Pennsylvania. It is insisted by the respondent that there is no act of Pennsylvania which gives a lien for services rendered in a diving and towing contract, and, even if any of the Pennsylvania acts did give a lien for such service, these acts do not apply to dredge-boats. This is true, according to the construction of these acts given in the Court of Appeals for the Third Circuit in The Northern, 135 Fed. 730, 68 C. C. A. 368. It follows, therefore, that the libel must be dismissed, not on its merits, but because otherwise it cannot be maintained.

The libel is dismissed, at the cost of the libelant. Let a decree be drawn accordingly.